IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| STATE OF OHIO, EX REL. | ) |
| RICHARD CORDRAY | ) |
| OHIO ATTORNEY GENERAL | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Civil Action No. 1:09-CV-545 |
| v. | ) |
| | ) |
| | ) |
| INEOS ABS (USA) CORPORATION, | ) |
| LANXESS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDMENT TO**
**REVISED CONSENT DECREE**

## FIRST AMENDMENT TO REVISED CONSENT DECREE

WHEREAS, on July 31, 2009, Plaintiff the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("U.S. EPA"), and the State of Ohio ("State"), on behalf of the Ohio Environmental Protection Agency ("Ohio EPA") (together "Plaintiffs"), filed a complaint in this action and contemporaneously lodged a Consent Decree ("July 2009 Consent Decree") between the United States, the State, and Defendants LANXESS Corporation ("LANXESS") and INEOS ABS (USA) Corporation ("INEOS") (together "Defendants"), regarding alleged violations of environmental requirements at a chemical manufacturing plant located in Addyston, Ohio ("Facility"), formerly owned and operated by LANXESS and currently owned and operated by INEOS;

WHEREAS, in response to public comments, Plaintiffs and Defendants (the "Parties") negotiated a revision to the July 2009 Consent Decree, and on January 20, 2010, the United States filed an Unopposed Motion to Enter the Revised Consent Decree;

WHEREAS, on February 4, 2010, this Court entered the Revised Consent Decree ("Revised Consent Decree");

WHEREAS, under the Revised Consent Decree, LANXESS' only obligations were to pay the civil penalty and any stipulated penalties due thereon for failure to timely pay the civil penalty;

WHEREAS Defendants timely paid the civil penalty under the Revised Consent Decree and therefore LANXESS has completed its obligations under the Revised Consent Decree;

WHEREAS by even date herewith, the United States, the State, and LANXESS have filed a Motion to Terminate the Revised Consent Decree as to LANXESS, consistent with Paragraph 109 of the Revised Consent Decree;

2

WHEREAS none of the issues that are resolved by this First Amendment to the Revised Consent Decree ("First Amendment") involve obligations of, nor impose obligations on, LANXESS, and therefore LANXESS is not a signatory to the First Amendment;

WHEREAS the Revised Consent Decree, *inter alia*, requires INEOS to operate a flare known as the P001 Process Unit Flare ("Flare") with an interim minimum Net Heating Value of Flare Gas ("NHVFG") of 200 BTU/scf (CD at ¶ 19) and allows INEOS to utilize a Steam Contribution Factor ("SCF") in calculating the NHVFG (CD at ¶ 8.ee);

WHEREAS INEOS has been using the SCF to calculate the NHVFG;

WHEREAS INEOS was required to conduct a Passive Fourier Transform Infrared Spectroscopy ("Passive FTIR") test on its Flare (CD at ¶ 24);

WHEREAS the results of the Passive FTIR were to be considered by the Director of U.S. EPA's Air Enforcement Division ("Director") to set a final minimum NHVFG for the Flare (CD at ¶ 24);

WHEREAS Plaintiffs and INEOS disagreed about the scope of the Director's authority to revise the minimum NHVFG for the Flare and about several other aspects of the Director's potential decision;

WHEREAS prior to the Director's issuance of a decision, Plaintiffs and INEOS agreed to avert formal dispute resolution by negotiating a resolution of the final minimum NHVFG for the Flare;

WHEREAS, through the First Amendment, Plaintiffs and INEOS have agreed to a final minimum NHVFG of 220 BTU/scf without the use of the SCF;

WHEREAS INEOS has installed, tested, and commenced operation of the Biofilter required in Paragraphs 28 and 29 of the Revised Consent Decree and Ohio EPA has issued a federally-enforceable permit for this unit;

WHEREAS Emissions Unit P035 Scrubber (Facility ID P35 SCBR ST) has been dismantled and the site has been cleared, thus rendering Paragraphs 30 and 31 of the Revised Consent Decree (and any references to those Paragraphs) inapplicable;

WHEREAS Plaintiffs have asserted that INEOS may have violated certain provisions of the Revised Consent Decree relating to the Enhanced Leak Detection and Repair ("LDAR") Program found at Paragraph 34 and Appendix A and may owe stipulated penalties as a result thereof;

WHEREAS Plaintiffs and INEOS seek to resolve all issues that have arisen since the entry of the Revised Consent Decree through the First Amendment;

WHEREAS the Revised Consent Decree and the First Amendment shall collectively be called the "Revised Consent Decree as Amended";

WHEREAS for purposes of this negotiated resolution, Plaintiffs have agreed that, as a prerequisite to seeking and obtaining termination of the Revised Consent Decree as Amended, INEOS shall incorporate relevant requirements from the Revised Consent Decree as Amended into an underlying federally enforceable permit but that, for purposes of seeking and obtaining termination of the Revised Consent Decree as Amended, INEOS shall not be required to have applied to, nor secured from, Ohio EPA a modification to the Facility's Title V Permit to reflect the new requirements in the underlying federally enforceable permit;

WHEREAS INEOS nonetheless recognizes that it must take appropriate action under Ohio law to incorporate the new requirements in the new underlying federally enforceable permit

4

into the Facility's Title V Permit but that this action is not required for termination of the Revised Consent Decree as Amended;

WHEREAS the Parties recognize, and the Court by entering the First Amendment finds, that the First Amendment has been negotiated at arm's length and in good faith, that it will avoid litigation and formal dispute resolution between Plaintiffs and INEOS, and that the First Amendment is fair, reasonable, and in the public interest;

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law, and upon the consent and agreement of the Parties, it is hereby ADJUDGED, ORDERED, and DECREED as follows:

1. The Revised Consent Decree shall remain in full force and effect in accordance with its terms except that certain paragraphs of the Revised Consent Decree are modified as set forth in Paragraphs 2–18 below.

2. Paragraph 8.ee— the definition of "Steam Contribution Factor"—is deleted and the word "Reserved" is set forth therein.

3. Paragraph 18 is deleted and the following is substituted:

> "18. As of the Effective Date of the First Amendment, INEOS shall add steam to the Flare so as to not exceed a steam-to-Vent Gas ratio of 3.6 to 1 (3.6:1) lb steam/lb Vent Gas, determined just prior to combustion at the tip of the Flare as a 1-hour Block Average."

4. Paragraph 19 is deleted and the following is substituted:

> "19. <u>220 BTU/scf Requirement</u>. As of the Effective Date of the First Amendment, INEOS shall operate the Flare with a NHVFG of not less than 220 BTU/scf on a one-hour Block Average."

5. Paragraph 20.h is deleted and the following is substituted:

> "h. implement control logic such that the INEOS' computerized control system, when in automatic mode, strives to achieve a steam-to-Vent Gas ratio of 0.9:1 lb steam/lb Vent Gas combusted by the Flare. During

      startup, shutdown, or malfunction as defined pursuant to 40 C.F.R. Part 63, or repair, system breakdown, or calibration, INEOS may vary the steam addition rate manually for the purpose of controlling the amount of smoke from the Flare tip in accordance with requirements under the Title V Permit. During these periods, but while the flare monitoring instruments are still operational, INEOS must still maintain a 1-hour Block Average steam-to-Vent Gas ratio of not greater than 3.6:1 lb stream/lb Vent Gas combusted by the Flare as required by Paragraph 18 and the 1-hour Block Average for NHVFG as required by Paragraph 19, except as necessary to correct visible emissions that occurred during that 1-hour period. In the event manual control is used to increase steam to address visible emissions, the duration of such manual control shall be no longer than 15 continuous minutes. INEOS shall minimize periods of repair, breakdown and calibration;"

6. Paragraph 23 is deleted and the following is substituted:

"23. Until termination of this Consent Decree, in the report required pursuant to Section VII (Reporting Requirements), INEOS shall submit to U.S. EPA and Ohio EPA a summary of all of the data values recorded pursuant to Paragraph 20 during the previous quarter in a form that identifies whether INEOS has complied with the requirements of Paragraphs 18 and 19 of the Consent Decree; if INEOS has deviated from any of those requirements, INEOS shall provide an explanation."

7. Paragraph 27 is deleted and the following is substituted:

"27. INEOS shall perform the project described in Paragraphs 28 and 29 in accord with this Section VI (Compliance Requirements) of the Consent Decree."

8. Paragraphs 30 and 31 are deleted and the word "Reserved" is set forth in each.

9. Paragraph 36 is deleted and the following is substituted:

"36. <u>Incorporating Consent Decree Requirements Into Permits</u>. Prior to termination of this Consent Decree, INEOS shall submit an appropriate application to Ohio EPA to incorporate the specific requirements of the Consent Decree listed in Paragraphs 18–20, 22 and Paragraph 28 into a federally enforceable non-Title V permit or permits, including but not limited to Permits to Install under OAC Rule 3745-31-05(D), whether as a new permit or permits or modifications to existing permits, that will ensure that the requirements survive the termination of this Consent Decree. Following submission of the appropriate application, INEOS shall cooperate with Ohio EPA by promptly submitting to Ohio EPA all information that it seeks in connection with the permit application following its receipt of the application materials."

10. Paragraph 37 is deleted and the word "Reserved" is set forth therein.

11. Paragraph 38 is deleted and the following is substituted:

"38. The requirements of Section VI (Compliance Requirements) set forth in Paragraphs 18–23 and 28–29 above shall be enforceable under this Consent Decree and, when the requirements in Paragraphs 18–20 and Paragraph 22 are incorporated into the non-Title V permits applicable to the Facility, these requirements shall also become enforceable pursuant to such permits."

12. Paragraph 59.a and 59.b are deleted and the word "Reserved" is set forth therein.

13. Paragraph 59.c is deleted and the following is substituted:

"c. Failure to meet the minimum NHVFG pursuant to Paragraph 19 of this First Amendment:

| "Penalty Per Violation Per Day | Daily Maximum Penalty | Period of Noncompliance |
|---|---|---|
| $1,000 | $3,000 | 1st through 30th day |
| $2,000 | $6,000 | 31st through 60th day |
| $5,000 | $15,000 | 61st and beyond" |

14. New Paragraph 68A as follows is added after the current Paragraph 68:

"68A. By no later than 30 days after the Effective Date of the First Amendment, INEOS shall pay a penalty of $240,000 in consideration for the resolution of liability set forth in Paragraph 90A of the First Amendment. Of the total penalty amount, $120,000 shall be paid to the United States, $72,000 to the State, and $48,000 to Hamilton County as follows:

   a. Payment of $120,000 to the United States shall be made in accordance with all of the requirements of Paragraph 10 of the Revised Consent Decree except that the transmittal letter shall state that the payment is made pursuant to the First Amendment of the Revised Consent Decree.

   b. Payment of $72,000 to the State shall be in the form of a certified check made payable to "Treasurer, State of Ohio" and be delivered to Scott Hainer, Paralegal, or his successor, Office of the Attorney General of Ohio, Environmental Enforcement Section, 30 East Broad Street, Columbus, Ohio 43215-3400. The memo portion of the check, or some other prominent location on the transmittal letter or documentation shall include a reference to "A.G. EAGO No. 304160."

    c.    Payment of $48,000 to Hamilton County shall be in the form of a certified or cashier's check made payable to "Treasurer of Hamilton County" and shall be sent to Kerri Castlen, Hamilton County Department of Environmental Services, 250 William Howard Taft Rd., Cincinnati, OH 45219."

15.    New Paragraphs 90A and 90B as follows are added after the current Paragraph 90:

"90A.    The First Amendment resolves the civil and stipulated penalty liability of INEOS to the United States and the State of Ohio arising from potential Leak Detection and Repair program violations identified in letters from INEOS to EPA dated as follows: September 14, 2010, October 10, 2010, November 8, 2010, January 7, 2011, January 18, 2011, February 18, 2011, March 25, 2011, May 11, 2011, August 26, 2011, September 22, 2011, December 13, 2011, January 6, 2012, March 14, 2012, April 3, 2012, May 11, 2012, June 1, 2012, June 8, 2012, June 29, 2012, August 1, 2012, September 24, 2012, January 8, 2013, February 18, 2013, January 10, 2014, August 21, 2014, and September 12, 2014. These letters are set forth in Appendix B of the First Amendment.

90B.    All references in the Revised Consent Decree to Paragraph 90 shall be interpreted to include reference to Paragraph 90A."

16.    Paragraphs 92.b and 92.c are deleted and the following are substituted:

"b.    INEOS shall undertake the actions set forth in Paragraphs 28 and 29 of this Consent Decree to further reduce emissions of acrylonitrile; and

"c.    INEOS shall undertake the actions set forth in Paragraphs 18–23 and Paragraph 25 of this Consent Decree to improve the operating efficiency of the P001 Process and further reduce 1,3-butadiene emissions."

17.    Paragraph 93 is deleted and the following is substituted:

"93.    Compliance with Paragraphs 18 through 29 regarding injunctive relief will resolve the public nuisance claim brought by the State of Ohio against Defendants for the duration of the Consent Decree provided that the requirements set forth in Paragraphs 92.b. and 92.c. above are completed in accordance with the Consent Decree and thereafter operated in compliance with the requirements of the Consent Decree."

8

18. In Paragraph 100, the addresses for notices sent to two of Defendant INEOS' addressees are hereby changed. Mr. Herring and Mr. Schmidt are deleted and the following are substituted:

>Eric Cassisa
>Site Director
>356 Three Rivers Parkway
>Addyston, OH 45001
>
>Tim Benter
>Health, Environmental and Safety Manager
>356 Three Rivers Parkway
>Addyston, OH 45001

19. Paragraph 107.b. is deleted and the following is substituted:

>"b. INEOS has obtained federally enforceable permits or SIP amendments: (i) as required by the terms of this Consent Decree; and (ii) that include as enforceable permit terms all requirements specified in Paragraph 36 (Incorporating Consent Decree Requirements Into Permits); and"

20. Paragraph 108 is deleted and the following is substituted:

>"108. After INEOS has: (i) implemented the LDAR requirements contained in Paragraph 34 (Enhanced Leak Detection and Repair), Appendix A, and the associated LDAR requirements contained in this Consent Decree for a period of five (5) years after the Effective Date of the Revised Consent Decree; (ii) maintained satisfactory compliance with the Enhanced Leak Detection and Repair provisions Appendix A and the associated LDAR requirements contained in this Consent Decree for a period of two (2) years prior to seeking termination; (iii) paid any stipulated penalties demanded by the United States or the State as required by this Consent Decree; and (iv) satisfied the requirements in Paragraph 107 above, INEOS may serve upon the United States and the State a Request for Termination of the Consent Decree stating that INEOS has satisfied the above requirements, together with all necessary supporting documentation."

SO ORDERED this 20th day of May, 2015

_Susan J. Dlott_
United States District Judge

WE HEREBY CONSENT to the entry of the First Amendment to the Revised Consent Decree in *United States, et al. v INEOS ABS (USA) Corp, et al.*, Civil No. 1:09-cv-545 (S.D. OH), subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR PLAINTIFF THE UNITED STATES OF AMERICA

s/John C. Cruden
JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


s/ Annette M. Lang
ANNETTE M. LANG
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 514-4213
Fax: (202) 616-6584
Annette.lang@usdoj.gov


CARTER M. STEWART
United States Attorney
Southern District of Ohio


s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
221 E. Fourth St.
Suite 400
Cincinnati, OH 45202
(513) 684-3711
Fax: (513) 684-6972
Matthew.horwitz@usdoj.gov

WE HEREBY CONSENT to the entry of the First Amendment to the Revised Consent Decree in *United States, et al. v INEOS ABS (USA) Corp, et al.*, Civil No. 1:09-cv-545 (S.D. OH), subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

        UNITED STATES ENVIRONMENTAL
        PROTECTION AGENCY


        Cynthia Giles\*\*\*
        CYNTHIA GILES
        Assistant Administrator
        Office of Enforcement and Compliance Assurance
        United States Environmental Protection Agency
        Washington, D.C.  20460


        Susan Shinkman\*\*\*
        SUSAN SHINKMAN
        Director, Office of Civil Enforcement
        Office of Enforcement and Compliance Assurance
        United States Environmental Protection Agency
        Washington, D.C.  20460


        Phillip A. Brooks\*\*\*
        PHILLIP A. BROOKS
        Director, Air Enforcement Division
        Office of Enforcement and Compliance Assurance
        United States Environmental Protection Agency
        Washington, D.C.  20460


\*\*\*  Signed with permission.

WE HEREBY CONSENT to the entry of the First Modification of the February 2010 First Revised Consent Decree in United States, et al. v LANXESS Corporation and INEOS ABS (USA)., Civil No. 1:09-cv-545 (S.D. OH), subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

        FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY REGION 5


Susan Hedman\*\*\*
SUSAN HEDMAN
Regional Administrator
EPA Region 5
77 W. Jackson Blvd.
Chicago, IL  60604


Robert A. Kaplan\*\*\*
ROBERT A. KAPLAN
Regional Counsel
EPA Region 5
77 W. Jackson Blvd.
Chicago, IL  60604


\*\*\* Signed with permission.

WE HEREBY CONSENT to the entry of the First Amendment to the Revised Consent Decree in *United States, et al. v INEOS ABS (USA) Corp, et al.*, Civil No. 1:09-cv-545 (S.D. OH).

FOR PLAINTIFF THE STATE OF OHIO

MICHAEL DeWINE
Ohio Attorney General

<u>Gregg H. Bachmann\*\*\*</u>
GREGG H. BACHMANN
Assistant Attorney General
Environmental Enforcement Section
30 Broad St., 25th Floor
Columbus, OH 43215-2766

\*\*\* Signed with permission.

13

WE HEREBY CONSENT to the entry of the First Amendment to the Revised Consent Decree in *United States, et al. v INEOS ABS (USA) Corp, et al.*, Civil No. 1:09-cv-545 (S.D. OH).

                        FOR DEFENDANT INEOS ABS (USA) CORPORATION

                        <u>Eric Cassisa\*\*\*</u>
                        ERIC CASSISA
                        Site Director
                        356 Three Rivers Parkway
                        Addyston, OH  45001

\*\*\*  Signed with permission.